**Charles Allen JOHNSON, Respondent,**

v.

**STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, petitioner, Appellant.**

**No. C6–83–1670.**

Supreme Court of Minnesota.

July 13, 1984.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, James B. Early, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Mark G. Stephenson, Rochester, for respondent.

WAHL, Justice.

Charles Allen Johnson challenged the admissibility of the results of a breathalyzer test at an implied consent hearing in Steele County Court. The court rescinded the proposed revocation of Johnson's driver's license because it found:

(1) a lack of training standards for persons administering and interpreting breathalyzer tests; and

(2) that the Commissioner of Public Safety had not approved the training program taken by the breathalyzer operator who administered the test to Johnson.

A three-judge panel of the Third Judicial District unanimously affirmed. The Department of Public Safety (DPS) petitioned this court for permission to appeal. We reverse.

Charles Allen Johnson was stopped by two officers of the Owatonna Police Department after they observed the car he was driving weaving back and forth across the center line of the highway. Johnson failed the four field sobriety tests the officers administered, was arrested and read the implied consent form. The breathalyzer test was administered at the Owatonna Law Enforcement Center after Johnson spoke with his attorney and agreed to take the test. The test showed a .20% alcohol concentration, triggering driver's license revocation under Minn.Stat. § 169.123, subd. 4 (1982). The person who administered the breathalyzer test was certified as an operator by the Bureau of Criminal Apprehension (BCA), a division of the DPS. The certification was made after the operator completed a 56-hour course given by the BCA 1½ years prior to the administering of the test in this case. He had been recertified by the BCA 7 months prior to the test in this case, after taking a refresher course.

There is no allegation that the breathalyzer operator who administered the test to Johnson was not fully trained and certified. There is no allegation that the test administration was faulty or the results inaccurate. The only issues in the case are whether there are sufficient training standards for breathalyzer operators and, if not, whether the lack of standards prevents the DPS from revoking a driver's license based on the results of a breathalyzer test and whether the Commissioner of the DPS must give explicit approval for a training program designed and adminis-

tered by the BCA, a division of the DPS itself. These issues are squarely addressed and resolved in two companion cases filed today, *Quimby v. State*, 351 N.W.2d 629 Case Nos. C2–83–1021 and C6–83–1068. Those cases hold that the training standards are sufficient and that the Commissioner of Public Safety need not explicitly approve a training program already implicitly approved by him.

Reversed.